UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY W. CRUICKSHANK, trustee }
in bankruptcy of Precise Eng., Inc., }
}
Plaintiff, }
}
v. } CASE NO. CV 95-B-1440-S
}
FIRST SECURITY CASUALTY CO., }
}
Defendant.

## MEMORANDUM OPINION

This matter is before the court on the renewed motion in limine of plaintiff Gary W. Cruickshank ("plaintiff" or "Cruickshank") to preclude introduction of the deposition of Edith W. Fischer. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.[1] This motion was orally granted before trial. At that time, however, the court informed the parties that it would probably permit Brian Voke ("Voke"), the attorney who took the "deposition" of Edith Fischer, to testify to Mrs. Fischer's "deposition" statements under Fed. R. Evid. 803(24). Because defendant did not offer Voke as a witness at trial, it is unnecessary to address the admissibility of Mrs. Fischer's statements under Fed. R. Evid. 803(24).

---

[1] Originally, on September 30, 1996, the court denied plaintiff's motion in limine to exclude the deposition testimony of Edith Fischer, stating that it may reconsider its ruling prior to trial. After reconsideration of this issue, the court is of the opinion that plaintiff's motion is due to be granted.

## FACTUAL SUMMARY

The facts relevant to the resolution of this motion are relatively straightforward and undisputed. In November 1989, Precise Engineering, Inc.("Precise") was amended into a lawsuit filed by Christopher LaCombe ("LaCombe") in which LaCombe sought damages for injuries he sustained as a result of an on-the-job injury. Pursuant to the terms of a policy of insurance between First Security Casualty Company ("defendant" or "First Security") and Precise, First Security undertook the defense of Precise in the LaCombe suit. (Compl. at ¶ 9). At the beginning of trial in the LaCombe matter, May 4, 1992, the available limits of the policy were approximately $900,000. (Compl. at ¶ 13). On May 12, 1992, the jury in the LaCombe suit returned a verdict for Christopher LaCombe in the amount of $2.7 million dollars. (Compl. at ¶ 16).

On June 10, 1994, defendant First Security filed a declaratory judgment action against Precise in the Superior Court of the Commonwealth of Massachusetts, seeking an answer to the question of whether First Security "afforded Precise all of its rights under the insurance policy in good faith and with reasonable care under the circumstances." (Def.'s Opp'n to Pl.'s Mot. in Limine to Exclude Dep. of Edith Fischer at 8 (citation omitted)).[2] In that action, the attorney of record for First Security is Brian Voke. (Id.)

Prior to the filing of the Massachusetts action, First Security paid Voke to represent Precise in a number of products liability lawsuits. (Watts Dep. at 176-77). Additionally,

---

[2] Hereinafter referred to as "Def.'s Opp'n to Pl.'s Mot."

2

Voke assisted in at least one pretrial evidentiary demonstration related to the LaCombe suit that occurred at the factory of Precise. (*Id.* at 117-19).

On September 19, 1994, Voke, as an attorney for First Security, noticed the deposition of Edith Fischer for September 29, 1994 by mailing a copy of the notice to her home address. (Def.'s Opp'n to Pl.'s Mot. at 8). According to First Security, "Voke obtained prior permission from Precise Eng. via Edith Fischer to represent First Security." (*Id.*) On September 29, 1994, Voke took the deposition of Edith Fischer. (*Id.*)

On February 7, 1995, the United States Bankruptcy Court for the District of Massachusetts entered an Order for Relief, adjudicating Precise to be bankrupt. (Compl. at ¶ 19). Thereafter, on February 10, 1995, plaintiff Gary W. Cruickshank ("Cruickshank") was appointed Trustee in Bankruptcy for Precise; on June 6, 1995, Cruickshank filed suit in this court against First Security, alleging that First Security negligently and in bad faith refused to settle the underlying lawsuit brought by LaCombe against Precise.

## DISCUSSION

In the motion in limine before the court, plaintiff argues that the September 29, 1994 deposition testimony of Edith Fischer is inadmissible because it constitutes hearsay as that term is defined in Fed. R. Evid. 801(c), and because it was not taken in compliance with various provisions of the Federal Rules of Civil Procedure, namely Rules 32(a), 30(b)(6), and 31(a).

### Whether the Evidence at Issue Constitutes Inadmissible Hearsay

Under Fed. R. Evid. 801(c), hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Defendant argues that the deposition testimony of Edith Fischer is

3

admissible because, under Fed. R. Evid. 801(d)(2)(A), (C), and (D), such statements do not constitute hearsay. Alternatively, defendant argues that even if the statements at issue are hearsay, they are excepted from exclusion of the hearsay rule by Fed. R. Evid. 803(3), 804(b)(1), and 804(b)(3).

> First, Fed. R. Evid. 801(d)(2) provides that a statement is not hearsay if --
>
>> The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

In its opposition to plaintiff's motion in limine on this issue, defendant argues that the deposition testimony falls within each of the above outlined provisions of Rule 801(d)(2). Because defendant's arguments with respect to Rule 801(d)(2)(A), (C), and (D) are substantially similar, the court will consider each of these provisions together.[3]

---

[3] Fed. R. Evid. 104(a) provides that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court." In *Bourjaily v. U.S.*, 483 U.S. 171 (1987), the court had occasion to consider the appropriate standard of proof for questions falling under Rule 104(a). The court reasoned that "[t]he preponderance [of the evidence] standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Id.* at 175. Although *Bourjaily* involved Fed. R. Evid. 801(d)(2)(E), the court is of the opinion that, at a minimum, Rule 104(a) also applies to 801(d)(2)(A), (C), and (D). Thus, in order to establish the admissibility of the deposition testimony of Edith Fischer under these provisions, defendant is required to demonstrate by a preponderance of the evidence that such testimony satisfies the technical requirements of each of the pertinent rules.

4

In support of admissibility under Rule 801(d)(2)(A), (C), and (D) defendant offers evidence that during the trial of the LaCombe suit, Edith Fischer acted as the company representative of Precise. (*See* Def.'s Opp'n to Pl.'s Mot. at 3 & 5). While Edith Fischer may have served as the company representative during the LaCombe suit, that does not establish her authority to speak for Precise over two years after the trial ended. Indeed, nowhere in her deposition does Edith Fischer state that her responsibilities as company representative in the Precise matter continued until the time of her deposition.[4] Moreover, as she concedes in her deposition, her employment with Precise ended in 1992, a significant period of time before her deposition was taken in September 1994. (Edith Fischer Dep. at 6). Although defendant argues that Precise "has made no showing that . . . [Edith Fischer's] authority to act as corporate representative had been revoked" at the time of her deposition, (Def.'s Opp'n to Pl.'s Mot. at 5), as stated above, it is the proponent of the evidence who bears the burden of demonstrating its admissibility.

In further support of its position that Edith Fischer had the authority to speak on behalf of Precise at the time of her deposition, defendant contends that she had been given the power of attorney for Mr. Fisher, and she would have been the only possible agent for Precise. Attached to the affidavit of Brian Voke is a memo to Voke from Edith Fischer in which she states: "As we discussed, Where I have power of attorney over Karl W. Fischer, Jr., I could

---

[4] As pointed out in plaintiff's motion in limine, "[t]he examining attorney, Brian P. Voke, did not ask [Mrs. Fischer] if she was representing Precise Engineering; he did not contend on the record that she was testifying on behalf of Precise Engineering; and Mrs. Fischer never stated that she was authorized to testify on behalf of Precise Engineering in the Massachusetts action." (Pl.'s Renewed Mot. in Limine to Preclude Introduction of Ex Parte "Deposition" at 5).

5

give you the permission to represent 1st Security in the Declaratory Judgment Against Precise Engineering, Corp." This document is neither notarized nor dated. The court is of the opinion that this alleged "power of attorney" is insufficient to establish the admissibility of Edith Fischer's deposition testimony. Specifically, even if the court assumes that Edith Fischer actually possessed a power of attorney for Mr. Fischer, the statement fails to delineate any details as to the scope of such authority. Without any delineation as to the scope of her authority to speak on behalf of Precise, the court is unable to evaluate whether she was authorized to speak for Precise in regards to the conduct of First Security in the LaCombe trial. While it is entirely possible that Edith Fischer possessed the authority to speak for Precise on a broad range of matters, the law is not concerned with possibilities, but instead requires defendant to establish its position by a preponderance of the evidence. Because defendant has not satisfied its burden, the court concludes that Edith Fischer's deposition is not admissible under Fed. R. Evid. 801(d)(2)(A), (C) and (D).[5]

Defendant next argues that because Cruickshank stands in the shoes of Precise, and because he has never conferred with either Karl or Edith Fischer, he has implicitly adopted the testimony of Edith Fischer as set out in her deposition, making such testimony admissible under Rule 802(d)(2)(B). In order for the deposition testimony to come in as an adoptive admission, two criteria must be satisfied. First, the statements must be such that a party would

---

[5] As for defendant's contention that Edith Fischer would have been the only possible agent for Precise, the court disagrees. Certainly, Mr. Fischer could have chosen individuals other than Edith Fischer to speak on behalf of Precise with respect to the LaCombe suit. To simply assume that Edith Fischer would have been the only possible agent for Precise is illogical, especially given that she had never been an owner or officer of the company. (Edith Fischer Dep. at 7).

normally be induced to respond; second, "there must be sufficient foundational facts from which the jury could infer that the defendant 'heard, understood, and acquiesced in the statement[s].'" *U.S. v. Joshi*, 896 F.2d 1303, 1311 (11th Cir. 1990). Even if the court assumes that the first element is satisfied, there has been no evidence submitted with respect to the satisfaction of the second element. Cruickshank's appointment as Precise's trustee in bankruptcy over four months after the date of Edith Fisher's deposition makes clear that, at the relevant time, Cruickshank did not hear or understand Fischer's deposition testimony. This aside, however, and despite defendant's argument that plaintiff never spoke with Edith or Karl Fischer, Cruickshank has undisputedly failed to acquiesce in the statements of Edith Fischer. This fact is particularly true in light of Cruickshank's motion to exclude the deposition testimony of Edith Fischer. Thus, the court concludes that the deposition testimony of Edith Fischer is inadmissible under Rule 801(d)(2)(B).

As an alternative argument for the admission of the deposition testimony of Edith Fischer, defendant contends that such testimony is admissible under Fed. R. Evid. 803(3), which provides that evidence is not excluded by the hearsay rule if it is "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition . . . but not including a statement of memory or belief to prove the fact remembered or believed . . . ." After reviewing the deposition testimony of Edith Fischer, the court concludes that her testimony does not fall within Rule 803(3).

In *United States v. Ponticelli*, 622 F.2d 985 (9th Cir.), *cert. denied*, 449 U.S. 1016 (1980), the Ninth Circuit discussed the factors a court must evaluate in deciding whether evidence is admissible under Rule 803(3). Specifically, the court stated:

7

> In making the foundational inquiry on admissibility . . . the court must evaluate three factors: contemporaneousness, chance for reflection, and relevance. The state of mind declaration has probative value, because the declarant presumably knows what his thoughts and emotions are at the time of his declarations. The more time that elapses between the declaration and the period about which the declarant is commenting, the less reliable is his statement, because the greater chance there is that his memory is erroneous.

In the instant case, the contemporaneous factor weighs strongly in favor of excluding the evidence at issue. It is undisputed that the trial of the LaCombe suit ended on May 12, 1992 when the jury returned its verdict. Edith Fischer's deposition, however, took place on September 29, 1994, at which time she offered her opinions of First Security's conduct during the LaCombe suit. Because the court is of the opinion that the period of time that elapsed between the trial and her deposition taints the reliability of Edith Fischer's deposition testimony, the court holds that the evidence is inadmissible under Rule 803(3).

Additionally, defendant contends that the evidence at issue is admissible under Fed. R. Evid. 804(b)(1). Under Rule 804(b)(1), if the declarant is unavailable, the following are not excluded by the hearsay rule:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In the instant case, although the parties agree that Edith Fischer is unavailable to testify, there is significant disagreement on the issue of whether the other requirements of Rule 804(b)(1) have been satisfied. Plaintiff argues that the deposition testimony is inadmissible because it

was not "taken in compliance with law" as required by the plain language of Rule 804(b)(1). While this argument may be correct, the court need not decide this issue in order to address plaintiff's ultimate contention regarding the admissibility of the testimony in dispute. As evidenced by the deposition transcript, the only ones present during Edith Fischer's deposition were the court reporter, Brian Voke, who represented First Security, and Edith Fischer. There is no evidence that anyone from Precise attended the deposition for the purpose of developing the testimony of Edith Fischer. Although defendant submits the affidavit of Brian Voke in which Voke states that "[o]n behalf of Precise, Ms. Fischer waived the right to have counsel present for the deposition . . . , (Voke Aff. attached as Ex. 4 to Def.'s Opp'n to Pl.'s Mot.), there is no evidence before the court which indicates that Edith Fischer had authority to waive the presence of counsel on behalf of Precise. As discussed earlier in a slightly different context, Edith Fischer's statement that she had power of attorney over Karl Fischer is insufficient to establish her authority with regard to this issue. Thus, because the court agrees with plaintiff's argument that he did not have an opportunity to develop the testimony of Edith Fischer, the court concludes that the evidence at issue is inadmissible under Rule 804(b)(1).

Finally, defendant argues that the deposition testimony of Edith Fischer is admissible under Fed. R. Evid. 804(b)(3). In relevant part, Rule 804(b)(3) provides that a hearsay statement is admissible if the declarant is unavailable, and the statement is one

> which was at the time of its making so far contrary to the defendant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

9

Defendant argues that the deposition statements of Edith Fischer "were against Precise's pecuniary interests and would invalidate Cruickshank's present claim as Trustee for Precise." (Def.'s Opp'n to Pl.'s Mot. at 11). The court disagrees. As discussed earlier, because the court is of the opinion that at the time of her deposition, Edith Fischer was not speaking on behalf of Precise, her testimony could not be characterized as being against the pecuniary interest of Precise, and it could not have rendered Precise's claims against First Security invalid. Consequently, the court holds that the statements at issue are inadmissible under Rule 804(4).

### Whether the Evidence at Issue Satisfies Fed. R. Civ. P. 32(a)[6]

Plaintiff argues that Fed. R. Civ. P. 32(a) prohibits the admissibility of Edith Fischer's deposition. This rule provides:

> At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against **any party who was present or represented** at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions . . . .

(*Id.*) (emphasis added). Although defendant argues that Edith Fischer possessed a power of attorney that authorized her to speak for Precise at her deposition, as discussed earlier, defendant has failed to produce sufficient evidence on this issue. Indeed, other than the undated, unnotarized, conclusory statement from Edith Fischer regarding the power of attorney, defendant has produced no evidence demonstrating that Edith Fischer was authorized

---

[6] Because the court is of the opinion that Edith Fischer's deposition testimony is inadmissable hearsay, the court need not address whether Fed. R. Civ. P. 32(a) has been satisfied. Nevertheless, the court writes to express its opinion regarding this issue.

to speak on behalf of Precise with respect to the LaCombe suit. Thus, because the court is of the opinion that at the time of her deposition, Edith Fischer was not testifying on behalf of Precise, it cannot be said that Precise was present or represented at the taking of Edith Fischer's deposition. Therefore, even if the testimony met the test for admissibility under the rules of evidence, it would not be admissible because the requirements of Fed. R. Civ. P. 32(a) were not satisfied.

## CONCLUSION

For the foregoing reasons, the court concludes that plaintiff's renewed motion in limine to preclude the introduction of the deposition of Edith Fischer is due to be granted. An Order granting plaintiff's motion shall be entered contemporaneously herewith.

DONE this 18th day of April, 1997.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge